## WISCONSIN, MINNESOTA, OHIO AND PENNSYLVANIA *v.* ILLINOIS AND THE SANITARY DISTRICT OF CHICAGO.

## MICHIGAN *v.* ILLINOIS AND THE SANITARY DISTRICT OF CHICAGO ET AL.

## NEW YORK *v.* ILLINOIS AND THE SANITARY DISTRICT OF CHICAGO ET AL.

Nos. 2, 3 and 4, Original. Argued March 25, 26, 1940.—Decided April 3, 1940.

*Messrs. John E. Cassidy,* Attorney General of Illinois, and *Montgomery S. Winning,* for the State of Illinois, defendant.

*Mr. Herbert H. Naujoks* for the State of Wisconsin et al.; *Mr. Timothy F. Cohan,* Assistant Attorney Gen-

eral of New York, for the State of New York; and *Mr. Thomas J. Herbert,* Attorney General of Ohio, for the State of Ohio. With them on the brief for complainants were *Messrs. John E. Martin,* Attorney General of Wisconsin, *J. A. A. Burnquist,* Attorney General of Minnesota, *Claude T. Reno,* Attorney General of Pennsylvania, *William S. Rial,* Deputy Attorney General of Pennsylvania, *Thomas Read,* Attorney General of Michigan, *James W. Williams,* Assistant Attorney General of Michigan, and *John J. Bennett, Jr.,* Attorney General of New York.

PER CURIAM.

By the decree of April 21, 1930 (281 U. S. 179, 696), the State of Illinois and the Sanitary District of Chicago were enjoined from diverting on and after December 31, 1938, any of the waters of the Great Lakes-St. Lawrence system or watershed through the Chicago Drainage Canal or otherwise in excess of the annual average of 1500 cubic feet per second in addition to domestic pumpage. That date was fixed as affording adequate time, upon a liberal estimate, for the completion of the entire system designed for sewage treatment, together with controlling works to prevent reversals of the Chicago River in times of storm.

The State of Illinois now seeks a temporary modification of the decree so as to permit an increase of the diversion to not more than 5000 cubic feet per second, in addition to domestic pumpage, until December 31, 1942. The State submits its petition, not on behalf of the City of Chicago or the Sanitary District, but at the instance of certain communities bordering on the Illinois Waterway, including Lockport and Joliet. The grounds for the application are that the system for sewage treatment has not yet been completed and will not be completed until the end of the year 1942, and that, in consequence,

through the introduction of untreated sewage into the stream, an "obnoxious, noisome, filthy, unsanitary and dangerous condition to public health" exists along the Sanitary District Canal and the Illinois Waterway.

The State of Illinois has failed to show that it has provided all possible means at its command for the completion of the sewage treatment system as required by the decree as specifically enlarged in 1933 (289 U. S. 395, 710). No adequate excuse has been presented for the delay. Nor has the State submitted appropriate proof that the conditions complained of constitute a menace to the health of the inhabitants of the complaining communities or that the State is not able to provide suitable measures to remedy or ameliorate the alleged conditions without an increase in the diversion of water from Lake Michigan in violation of the rights of the complainant States as adjudged by this Court.

In order, however, that the Court may be satisfied as to the actual condition of the Illinois Waterway by reason of the introduction of untreated sewage, and as to the actual effect, if any, of that condition upon the health of the inhabitants of the complaining communities, and also with respect to the feasibility of remedial or ameliorating measures available to the State of Illinois without an increase in the diversion of water from Lake Michigan, the Court appoints a Special Master to make a summary inquiry as to such condition, effect and measures, and to report to this Court with all convenient speed.